## A. R. CLERIHEW v. L. T. RICHARDSON.

### Decided November 9, 1901.

1.—Damages—Care in Avoiding Consequences of Unlawful Act—Charge.

See charge of court, in an action for damages resulting from defendant's unlawful act in turning plaintiff's cattle out of a pasture, held to sufficiently submit the issue of whether there was negligence on plaintiff's part in failing to exercise ordinary care to avoid the consequences of such act.

2.—Same—Evidence Held Sufficient.

See evidence held to warrant a verdict for damages resulting from plaintiff's cattle being turned out of a leased pasture before expiration of the twenty days' notice to which the lease entitled him.

Appeal from Jack. Tried below before Hon. J. W. Patterson.

*Thos. D. Sporer* and *James R. Robinson,* for appellant.

*Thos. F. Turner, Sil Stark,* and *E. W. Nicholson,* for appellee.

CONNER, CHIEF JUSTICE.—This is an appeal from a judgment in favor of appellee for the sum of $600, as damages which he had suffered by reason of the fact that appellant unlawfully ejected several hundred head of appellee's cattle from a pasture to the possession of which appellee was entitled at the time; the cattle being thereby deprived of grass and water, and injured and lost, as alleged. In substance, but two questions are presented by the assignments of error to wit, the sufficiency of the court's charge in submitting the issue of negligence on the part of appellee in failing to exercise ordinary care to avoid the consequences of appellant's unlawful act, and the sufficiency of the evidence to sustain the verdict and judgment on this issue.

Briefly stated, the facts are that appellee, L. T. Richardson, had duly leased from the owner some 2285 acres of pasture land with right of sale reserved in the owner. Before the expiration of the lease the owner sold the land to appellant, Clerihew, who immediately gave notice to appellee in writing to vacate the premises; the lease providing that, in case of sale, twenty days notice thereof should be given appellee before he was required to deliver possession. Upon the 19th day after the

receipt of this notice, according to appellee's testimony, appellant, over previous protest of appellee, forcibly gathered and turned the cattle mentioned out into adjoining lanes, where there was neither grass nor water. The fact that the cattle in consequence thereof were injured and lost in the manner alleged, and to the extent of the recovery, does not seem to be controverted, but it is insisted that such injuries and the consequent damage could have been avoided by the exercise of ordinary care on appellee's part after the cattle had been turned into the lanes.

The court thus submitted the issue: "If the defendant did turn plaintiff's cattle out of the pasture without his consent, and if plaintiff knew it, then it became his duty to use ordinary care to prevent loss and injury to his cattle; and if you believe that after the cattle were taken out, and after the plaintiff knew that fact he could by ordinary care have prevented all or a part of the loss or damage of the cattle, if any, then for such damages, if any, as could have been avoided by ordinary care, the plaintiff can not recover, but would in such case be entitled to recover all reasonable and necessary expenses incurred in preventing loss or injury to his cattle, as well as for such injuries, if any, as could not have been prevented by ordinary care."

There was evidence tending to show that appellee was in the vicinity at the time appellant took possession of the pasture and turned the cattle into the lane, and must have known of such unlawful proceeding at the time; but this appellee denied. He testified, in effect, that he saw the parties in charge of the herd rounding the cattle up in the pasture, but supposed that an officer was taking possession of them, and did not actually know that they had been turned loose unprovided for until afterwards. His evidence further tended to excuse his delay for several days in gathering and taking care of his cattle. It was the particular province of the jury to determine the conflict in the evidence and the sufficiency of his excuse. The issues were resolved in appellee's favor, and we feel unable to say that the jury were in error in concluding that appellant took unlawful possession of the pasture and wrongfully ejected appellee's cattle therefrom, and that the consequent injury to such cattle was not due to a want of ordinary care on appellee's part. The charge of the court seems to have been as favorable as appellant had the right to demand, and the special charges requested were therefore properly refused.

The judgment is affirmed.

*Affirmed.*