POUTRA v. MARTIN et ux.

(Court of Civil Appeals of Texas. Feb. 2, 1911. On Motion for Rehearing, March 2, 1911.)

1. LANDLORD AND TENANT (§ 331*) — PLEADING AND PROOF.

In an action by a landlord to recover one-half of a rice crop raised by defendant as plaintiff's tenant, defendant, by a plea in reconvention, claimed damages for plaintiff's failure to construct an irrigation lateral to his rice land, and plaintiff in a supplemental petition alleged that, after the water was turned in, defendant could easily have made it sufficient, and was not entitled to damages, and defendant answered by general denial, and alleging that after the water was turned in plaintiff prevented him from fixing it, and caused men to dig barrow pits or ditches on the inside of such lateral, which became so boggy that defendant could not use his teams inside the levee, and that he could not take dirt from the outside to build it higher, as the land belonged to third parties, defendant, to excuse his alleged negligence could show that there were barrow pits outside the levee rendering the taking of earth impossible, for the general denial placed the burden of proving his negligence on plaintiff, and anything which would rebut that was admissible.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 331.*]

2. LANDLORD AND TENANT (§ 331*)—ACTION FOR RENT—EVIDENCE—SUFFICIENCY.

In an action by a landlord to recover one-half of a crop of rice raised by defendant as plaintiff's tenant, where defendant claimed that plaintiff breached the contract by failing to construct an irrigation lateral, plaintiff claiming that defendant could not claim damages because he himself agreed to make the repairs and failed to do it, evidence *held* to sustain a finding for defendant.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 331.*]

On Motion for Rehearing.

3. DAMAGES (§ 62*)—GROUNDS—REDUCTION—DUTY OF PERSON INJURED TO PREVENT DAMAGE.

Where a landlord, renting on shares, agreed to construct an irrigation lateral, he was not liable in damages to the tenant for failure to construct such lateral where the tenant could have prevented the injury at a little expense and failed to do so, though the landlord knew of the defects and had an opportunity to repair the same.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 124–132; Dec. Dig. § 62.*]

4. APPEAL AND ERROR (§ 1031*)—HARMLESS ERROR—PRESUMPTIONS—INSTRUCTION.

Where one part of a charge correctly declared the law, and another part affirmatively misstated it, it cannot be presumed that the jury followed the correct charge, and hence the error was prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–4046; Dec. Dig. § 1031.*]

5. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Where evidence is not admissible under the pleadings, the admission of other evidence of the same kind without objection does not cure the error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160; Dec. Dig. § 1050.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Appeal from District Court, Ft. Bend County; Wells Thompson, Judge.

Action by Joseph Poutra against John Martin and wife. Defendants filed a plea in reconvention, and from a judgment in favor of defendants on their plea in reconvention plaintiff appeals. Reversed and remanded.

Russell & Pearson, for appellant. D. R. Pearson, for appellees.

PLEASANTS, C. J. This suit was brought by appellant against the appellees to recover one-half of the rice grown by appellees during the season of 1908 on land of appellant upon which appellees were tenants.

The defendants by plea in reconvention claimed damages against the plaintiff in the sum of $3,000 because of the alleged failure of the plaintiff to comply with his contract with defendants by which he agreed to construct a lateral connecting the land leased to defendants with a lateral of the Cane Belt Rice & Irrigation Company sufficient to convey the water necessary to properly irrigate defendants' crop. By supplemental petition, plaintiff denied the averments of defendants' plea in reconvention, and further alleged, in substance, that if plaintiff contracted, as averred by the defendants, to construct said lateral, that the work of constructing same was done by the defendant John Martin and the manner of said construction was left entirely to him; that plaintiff had no experience as a rice farmer or in the construction and operation of irrigating laterals and ditches; and that said defendant Martin represented himself as experienced in these matters, and plaintiff, relying upon such representations, employed said Martin to construct said laterals, and depended upon him to construct same in a proper manner, and, if said lateral was insufficient as claimed by defendants, such insufficiency was due to the default and negligence of said defendant, and plaintiff was not liable to defendants for any damage occasioned thereby. He further alleged that after the water was turned into said lateral, and defendant discovered that it did not convey sufficient water to irrigate his crop, the defects in the lateral could have been easily remedied by the defendant by the expenditure of a small amount of labor thereon and said lateral made sufficient to have supplied all of the water needed for the proper irrigation of defendants' crop, and defendant, having negligently failed to remedy said defects and protect himself from the damage caused thereby, cannot hold plaintiff liable for such damage.

In reply to this petition defendants filed a supplemental answer, which contains the following averments: "Defendants say the duty was not upon them or either of them to construct, repair, or maintain the lateral connecting the canal of the Cane & Rice Belt Irrigation Company with the lands rented by Martin, and upon which he had a crop of rice growing, for this: It is true that defend-ant Martin constructed a portion of said lateral, but it is not true that same was constructed in the manner and form in which defendant thought same should be constructed. Defendant Martin, at the request of Poutra, agreed with Poutra to do such work in behalf of and as agent of Poutra, and under the direction and control of Poutra on said lateral as could be accomplished by means only of an implement known as a 'push.' That, before undertaking said work, he informed Poutra that he did not think that a sufficient lateral could be erected by using said 'push,' but Poutra insisted that defendant should do the work with the 'push' and not otherwise. In accordance with and under the directions and instructions in ample time, he built said lateral in best possible manner by using said implement, and, when water was turned on said lateral, it would not flow to the rice land of defendant Martin for reasons heretofore alleged. Thereupon Martin undertook to build said lateral higher by using dirt from the inside thereof, and was actually at work with his own teams and implements, taking dirt from the inside of said lateral, and placing same on the levees thereof, when Poutra stopped him and forbade him using teams and slips on said lateral, and stated he would have said lateral made sufficient by other means. The said Poutra at other times stopped him from working on said lateral with teams and slips, and at other times prevented him from employing a sufficient number of laborers on same. That the only way in which same could have been properly constructed was by use of teams and slips, but Poutra failed and refused to do this, and undertook to remedy by the use of shovels and spades, but failed to do so, and refused to let defendant use sufficient force of laborers in said lateral. Poutra in using such means dug barrow pits or ditches on inside of said lateral, and caused water to pass therein, so that such pits and levees became and remained so boggy that thereafter defendant Martin could not use teams and slips on the inside of said lateral without endangering his teams. The land outside of said lateral—that is, on either side of the levees thereof—did not belong to either Poutra or this defendant, and neither had authority to enter upon same and dig the dirt therefrom to be placed on said levees, and defendant could not in that manner repair said levees. Defendant Martin was a poor man, and without means save such as he earned as a rice farmer, and was not able to pay the cost necessary to be expended to place said lateral in proper condition to carry sufficient water to his rice crop and maintain same in such condition, and was not able to put same in such condition by his own labor within proper time, nor was he able to otherwise procure a sufficient supply of water, notwithstanding he used all proper efforts and care within his power to do so. So soon as he discovered

that Poutra would not properly build and maintain said lateral, he constructed, at his own expense, other laterals to his farm, and he endeavored to remedy the defects in said lateral by his own efforts, together with that of a laborer who worked at defendant's expense, and with such laborer he worked on said lateral for at least 15 days, endeavoring to place same in proper condition, but was not able to do so within proper time. That, in addition to above efforts, defendant Martin did all that he was able to do to put said lateral in proper condition, and, notwithstanding he used ordinary care and efforts on his part, it was not successful."

The trial in the court below resulted in a verdict and judgment in favor of plaintiff for one-half of the rice crop, and in favor of defendants on their plea in reconvention for the sum of $750.

The evidence is sufficient to sustain the finding of the jury that defendants were damaged in the amount of the verdict by the failure of the plaintiff to comply with his contract to furnish a lateral that would convey sufficient water to properly irrigate defendants' rice crop, and defendant John Martin was not guilty of contributory negligence in either of the respects alleged by plaintiff.

The first assignment of error complains of the ruling of the court in admitting in evidence the testimony of the defendant and that of his witnesses C. Pillot and Frank Martin, to the effect that there were barrow pits and low places along the outer sides of the lateral in question which became filled with water that escaped from said lateral, and that because of said condition of these barrow pits and low places, the defendant could not obtain dirt from the outside of said lateral with which to raise the height of its sides, and thus remedy the defect in its construction. This testimony was objected to on the ground that the defendant having averred in his supplemental answer that the reason he did not repair the lateral was because the inside of the lateral was full of water, and therefore too boggy to use his teams in taking dirt therefrom with which to repair the lateral, and that he could not take dirt for this purpose from the outside because the land on the outside belonged to third parties, and he had no right to trespass thereon. He should be confined in his proof to said averments, and should not be permitted to prove any other facts than those averred in his answer as a reason or excuse for not repairing said lateral. The defendant was not required to give any reason in his pleading for his failure to repair the lateral. His general denial of plaintiff's allegations, that the injury to his crop was due to his own negligence in failing to repair the lateral, placed the burden of proving such negligence on plaintiff, and would admit proof by the defendant of any facts which would rebut or explain any evidence

offered by plaintiff which tended to charge him with negligence in this respect. We do not think the technical rule which confines a defendant in an action of trespass to try title to proof of the title specially pleaded by him is applicable in a suit of this character. In a suit of trespass to try title, in which the defendant specially pleads title in himself, he is asserting an independent affirmative right in the subject-matter of the suit entirely distinct and separate from the claim of the plaintiff therein, and, when he specially pleads the facts upon which his claim of superior title is based, the plaintiff has a right to suppose that he will not set up some other claim of title, and cannot be required to meet such other claim of which he has not only been given no notice, but which from the special title pleaded by the defendant he is led to believe the defendant will not make. In this suit the charge of negligence made by plaintiff necessarily involved an investigation of all of the facts and circumstances surrounding the transaction, and the pleading of some of these facts by the defendant ought not to preclude him from introducing evidence showing all of the circumstances of the transaction.

The case of Lewis v. Railway Co., 122 S. W. 605, does not sustain the proposition that appellee in this case, by pleading that he was prevented from repairing the lateral by reason of the boggy condition inside, and because the land on the outside belonged to third parties and he had no authority to take dirt therefrom, was precluded from also showing that there were barrow pits filled with water on the outside of the lateral which made it impossible for him to repair it with dirt taken from the outside. The case cited simply holds that in a suit for damages for personal injuries, unless the pleadings or evidence of the plaintiff raises the issue of contributory negligence, the defendant must plead the facts relied on by him to establish such negligence. We do not think this rule has any application to the facts of the instant case. If, however, we are wrong in this conclusion, the assignment should not be sustained because the existence and condition of the barrow pits on the outside of the lateral was shown by other evidence which was not objected to and some of which was brought out by the plaintiff. Having allowed evidence of this character to go to the jury without objection, plaintiff will not be heard to say that he was injured by similar evidence admitted over his objection. Hammon v. Decker, 46 Tex. Civ. App. 232, 102 S. W. 454; Rice v. Dewberry, 93 S. W. 715; Conroy v. Sharman (recently decided by this court) 134 S. W. 244.

What we have said disposes of the second assignment of error, which complains of the refusal of the trial court to give a special charge requested by the appellant instruct-

ing the jury to disregard the evidence as to the existence and condition of the barrow pits on the outside of the lateral, and this assignment is also overruled.

The third assignment complains of the verdict on the ground that it is not supported by the evidence, in that, conceding that it was the plaintiff's duty to construct the lateral, and that the same was not properly constructed and therefore insufficient to supply the water necessary to properly irrigate defendants' crop, the uncontradicted evidence shows that defendant knew of the defects in the lateral, and had ample means and opportunity to repair same and thus prevent the injury and damage caused thereby, and in failing to so repair the lateral was guilty of such contributory negligence as would prevent his recovery of the damages sustained by him. Our fact conclusions before stated dispose of this assignment. While the evidence raises the issue of defendant's contributory negligence in the matter of failing to remedy the defects in the lateral, there is evidence to the effect that the conditions surrounding the lateral were such that he was unable to repair it with the instrumentalities at his command, and that he was without means to employ others to remedy the defects in its construction. This evidence was sufficient to sustain the finding of the jury that defendant was not barred of recovery by contributory negligence.

The fourth, fifth, and sixth assignments of error, which complain of different portions of the court's charge, are without merit. The paragraphs of the charge complained of by the fourth assignment, which deal with the question of appellee's contributory negligence, contains inaccurate statements of the law and are somewhat confusing, but, in view of the clear and accurate statement of the law upon this issue several times repeated in the main charge and in special charges given by the court, we cannot believe the jury were misled to appellant's injury. We think it would be carrying the doctrine of contributory charges, as announced in Baker v. Ashe, 80 Tex. 356, 16 S. W. 36, too far to apply it to the charge in this case.

We are of opinion that the judgment of the court below should be affirmed, and it is so ordered.

Affirmed.

### On Motion for Rehearing.

Upon consideration of a motion for rehearing filed by appellant, we have again examined the record, and have reached the conclusion that we erred in our former opinion herein in holding that the jury were not misled by the erroneous statements of the law contained in the charge of the court. The charge complained of by the fourth assignment of error is as follows: "If you believe that the Martin rice was injured because it did not receive the proper amount of water within proper time, and if you believe that the Poutra lateral was so constructed that it did not supply proper amount of water to said land within proper time, and if you believe that was the proximate cause of the damage, if any, to said rice, yet, if you believe that Martin, at a moderate expense, could have avoided the damage, if any, to said crop, in whole or in part, by rearranging said lateral, and if you further believe that Martin was financially able to incur such expense, and you further believe that, under the circumstances which you find existed, a reasonably prudent man would have rearranged said lateral, you are instructed that the duty to rearrange said lateral was upon said Martin. If you believe that Poutra knew in time to have said lateral remedied so as to furnish sufficient water in sufficient time that said lateral was insufficient, if it was insufficient, or if you believe that Poutra's means of acquiring such knowledge was equal to that possessed in that respect by Martin, and if you believe that Poutra's opportunity to rearrange was equal to that possessed by Martin, or if you believe that Poutra refused to permit Martin to properly construct said lateral, if it was not properly constructed, or if you believe that Martin could not make such lateral sufficient, if it was not sufficient, without trespassing upon land upon which he had no authority to go, then you are instructed that it was not Martin's duty to rearrange said lateral."

Both the pleadings and evidence raised the issue of negligence on the part of defendant Martin in failing to use reasonable care to protect himself from the loss and damages occasioned by the defective construction of the lateral. This issue was properly submitted in the first paragraph of the charge above quoted, but in the succeeding paragraph the jury are told, in effect, that no duty developed upon him to use any care to prevent the damage to his crop on account of the insufficient lateral, if appellant knew of its defects and had an opportunity to repair same, or if his means of acquiring such knowledge and his ability to remedy the defects was equal to that of Martin. This was an affirmative misstatement of the law and in direct conflict with the rule as stated in the preceding paragraph of the charge, and was not a mere "inaccuracy," as we designated in our former opinion. Such being the case, we cannot say that the jury was not misled thereby, notwithstanding the fact that other portions of the main charge and several special charges requested by appellant contained a correct statement of the law. The charge being contradictory, we cannot tell which view of the law may have been adopted by the jury. It will not do to assume that, because the correct statement of the law was several times repeated, the jury followed the correct rather than the incor-

rect instructions. Baker v. Ashe, 80 Tex. 356, 16 S. W. 36; Railway Co. v. Rodgers, 89 Tex. 675, 36 S. W. 243; Railway Co. v. Robinson, 73 Tex. 277, 11 S. W. 327; Railway Co. v. Welch, 86 Tex. 203, 24 S. W. 390, 40 Am. St. Rep. 829.

We adhere to the conclusion expressed in our former opinion that the plaintiff Martin was not precluded by his pleadings from showing that the water in the barrow pits on the outside of the lateral prevented him from repairing the lateral by raising its banks with earth taken from the outside. After expressing our views upon this question we say in our former opinion: "If, however, we are wrong in this conclusion, the assignment should not be sustained because the existence and condition of the barrow pits on the outside of the lateral was shown by other evidence which was not objected to and some of which was brought out by the plaintiff. Having allowed evidence of this character to go to the jury without objection, plaintiff will not be heard to say that he was injured by similar evidence admitted over his objection." This paragraph of the opinion is not sound. The general rule that the admission of incompetent evidence will not authorize a reversal when other evidence of the same kind has been admitted and allowed to go to the jury without objection is manifestly inapplicable when the question of whether the evidence is admissible depends upon whether the pleading raises the issue upon which it is offered. If the pleading does not raise an issue, no amount of evidence can put such issue in the case, and it is immaterial that the evidence raising such issue is admitted without objection. This rule is so well established as to render the citation of authority unnecessary.

Upon another trial of the case the pleadings will doubtless be amended, and this question will not likely arise, but we desire to make this modification of our former opinion.

Because of the error in the charge before pointed out, the motion for rehearing is granted, our former judgment set aside, and the judgment of the court below reversed and the cause remanded.

Reversed and remanded.