## TEXAS CENTRAL POWER CO. v. PEREZ.*
### (No. 7705.)

(Court of Civil of Appeals of Texas. San Antonio. Feb. 9, 1927. Rehearing Denied March 9, 1927.)

Electricity ⚖➡️11—Power company could not discontinue inside lights, furnished under written · contract, for nonpayment for outside lights, furnished under separate oral contract.

Electric power company had no right to discontinue inside lights, furnished under written contract with store owner, because of latter's failure to pay for outside lights, furnished under separate and distinct oral contract.

Appeal from District Court, Duval County; Marshall Hicks, Special Judge.

Action by Guadalupe S. Perez against the Texas Central Power Company. Judgment for plaintiff, and defendant appeals. Affirmed.

F. M. Kemp, of San Antonio, J. F. Clarkson, of San Diego, and Kleberg & North, of Corpus Christi, for appellant.

John D. Sutherland, of San Diego, and W. W. Winslow, of Laredo, for appellee.

FLY, C. J. This is a suit for damages instituted by appellee against appellant, alleged to have accrued by reason of the electric light agreed to be furnished by appellant and discontinued by appellant.

The cause was tried by jury, and verdict and judgment rendered in favor of appellee for $240.

The facts as narrated by appellee show that he was engaged in the business of selling cold drinks, stationery, candy, and school supplies in the town of Mission, and conducted the business at night as well as during the day. He swore that his profits averaged $20 each night. He had been furnished with lights in his store all the time for two years and ten months prior to February 17, 1926, on which date the electricity was cut out of appellee's establishment. It seems that appellee had two contracts with appellant, one a written contract for the meter and inside lights, and a verbal contract for the outside. The inside lights were on a meter rate and the outside lights on a flat rate. When the bill for January, 1926, was presented to appellee about February 1, he paid for the inside meter lights, but refused to pay for the outside lights, and for such failure appellant cut off the inside as well as the outside lights. It was provided in the contract for the inside lights:

"That all bills are payable on the 1st day of each month. If not paid on or before the 10th, service will be discontinued."

That provision applied only to the lights furnished through a meter on the inside of the house. Appellee did not default in payment ·for the inside lights and fully paid for them for January, 1926. The outside lights were not paid for, and the service was discontinued on account of the failure to pay for the outside lights.

There are six assignments of error, of which four directly challenge the sufficiency of the evidence to sustain the verdict, and the one indirectly does the same thing because it assails the refusal of the trial judge to instruct a verdict for appellant. The remaining assignment of error is to the effect that appellee could not recover because appellee operated a "slot machine," a gambling device, and a portion of the damages resulted from the inability to operate the machine.

The briefs filed by appellant are in utter disregard of the rules. There is no index nor list of authorities. The propositions are grouped and a general statement made as to all of them, consisting largely of copies of statements of witnesses. There were only three witnesses introduced, and as to the main facts only two testified, appellee and F. N. Schroeder, manager of appellant. The testimony of appellee is supported by the written contract, and if he was correct in his estimate of his losses the jury was justified in finding the damages found by them.

Under the contract appellant had no right to discontinue the inside lights, because as to them appellee had fully complied with the written contract. Appellant had no right to discontinue the inside lights, furnished under the written contract, because appellee did not comply with his oral contract for outside lights. The two contracts were separate and distinct.

There is no merit in any of the assignments of error, and the judgment is affirmed.