## SOUTHWESTERN GAS & ELECTRIC CO. v. STANLEY.

### No. 4124.

Court of Civil Appeals of Texas. Texarkana.

Dec. 24, 1931.

Rehearing Denied Jan. 7, 1932.

George Prendergast, of Marshall, for appellant.

Carney & Carney, of Atlanta, for appellee.

LEVY, J. (after stating the case as above).

The appellant presents the point that the requested special instruction bearing upon the minimizing of damages was justified by the pleadings and evidence. It is contended that the damages which the appellee sues for could have been entirely avoided by paying the $111.48 due for electricity supplied to the garage, and that the appellee was under the legal duty to appellant to do so. It is a fundamental rule that there can be no recovery for losses, whether arising under a breach of contract or tort, which might have been prevented or the consequences avoided either by reasonable efforts or the making of reasonable expenditures to such end on the part of the person damaged. 13 Tex. Jur. § 27, p. 99; 17 C. J. §§ 96, 97, pp. 767, 768; 1 Sutherland on Damages, § 155; 8 R. C. L. § 14, p. 442. But the rule can find no appli-

cation to the present case. In the circumstances the rule could not be applicable until after, and in no wise before, the wrong was committed. Here, under the undisputed facts, the appellant company was supplying electricity to the appellee's garage under contract separate and distinct from the one for his residence. The garage and the residence were upon different lines and were provided with different meters for measuring electricity. The monthly bills were charged and kept separately. There is no provision in either of the contracts that unless both bills for the residence and the garage were timely paid both of the places would be cut off, or that default in the payment of the one bill would justify discontinuing electricity to both the garage and the residence. In no wise had the appellee failed or defaulted in the performance of his agreement to timely pay the monthly charges for electricity for his residence. And in no wise had the appellant company's right to have timely payment of the electric bill for the residence been violated. In such circumstances the appellant company could not be regarded as in a position to claim that the appellee by not promptly paying the garage bill for electricity had violated and become delinquent in performance of the contract as respects the residence, consequently the nonpayment of the garage bill would not legally justify cutting out the electricity for the residence. Texas Central Power Co. v. Perez (Tex. Civ. App.) 291 S. W. 622. Manifestly one party cannot compel the other affirmatively to do something which the contract does not require of him. It follows that the appellee, having a right to insist on full performance of the contract according to its terms as respects his residence, owed the appellant company no duty and the appellant company could not require him to pay the garage bill as a means to prevent the damages occasioned without his fault in cutting off the electricity from his residence. To so require the appellee to do would, in effect, be forcing him to abandon his legal right and waive damages that may arise from the breach of contract or tort and be converting his right into a coercive way of merely paying debts entirely apart from the particular contract. Quoting from Galveston, H. & S. A. Ry. Co. v. Zantzinger, 92 Tex. 365, 48 S. W. 563, 566, 44 L. R. A. 553, 71 Am. St. Rep. 859: "The rule is that if a plaintiff, who has been injured by the negligent conduct of the defendant, fails to exercise reasonable care to avoid the consequences of his injury, he cannot recover for so much of his damage as results from that failure. But does this rule apply to the case of a willful injury? We are of opinion that it does not. Since one who has committed an assault and battery upon another cannot urge in his defense that the plaintiff might by the use of due care have avoided the battery, we think where the injury is intentional he should not be permitted to say, in reduction of the damages, that the plaintiff might have prevented them, at least in part, by careful conduct on his part. If negligence contributing to the injury cannot be set up to defeat the action when the act of the defendant was willful, by a parity of reasoning the defendant in such a case should not be permitted to say that, but for the negligence of the plaintiff in failing to avoid the consequences of the wrong, he would have suffered no damage, or only a part of the damages for which he claims a recovery." Also, as similar in principle, Harvey v. Rwy., 153 N. C. 567, 69 S. E. 627.

Appellant next presents the points that (1) exemplary damages were not recoverable because the action was purely for breach of a contract unaccompanied by tort, and (2) the damages awarded, both actual and exemplary, are excessive.

 The action was one sounding in tort and not purely a breach of the terms of a contract. The petition alleged the facts which show, as does the undisputed evidence on the trial, that the act of cutting off the electricity from the residence was not in virtue of terms of contract, but wholly independent of and against the contract. The requisite elements of a tort were clearly shown. And the motive for the act and the coercive purposes for which it was committed authorized the assessing of exemplary damages. The testimony of the manager reflects the undisputed facts that: "I disconnected, or had it done, Mr. Stanley's residence in Queen City on February 26, 1931, at 4:30 P. M. It was disconnected because I had not been able to make an agreement or settlement with him of the electric bill due (for the garage) by him. I felt some disposition should be made by him of his account. * * * He tendered me the money for his house bill and I refused to take it. I cut him off anyway. I cut him off at his house because he wouldn't pay his shop bill. I did not connect back his house with electricity until I had to do it. The court made me do it. I would not agree to do it until the sheriff told me I had to do it." It is admitted that Mr. Stanley had fully paid and was not in arrears for electricity for his residence. The theory of exemplary damages is that of punishment and as a warning to prevent the commission of like wrongs. 13 Tex. Jur. § 130, pp. 236, 237. It is the established rule that where the defendant acted intentionally or with a degree of gross negligence or upon that which would be legally classed as malice, all of which was shown to exist in the present case, which approximates a fixed purpose to bring about the injury which the plaintiff complains of, a recovery of exemplary damages may be sustained. 13 Tex.

Jur. § 133, p. 241; 17 C. J. § 293, p. 993; 8 R. C. L. § 134, p. 590.

The wrong and the damages resulting therefrom being established, the plaintiff was entitled to recover substantial damages. The elements of injury for which exemplary damages may be given vary in their character. Although the jury has not awarded the smallest or a nominal sum, yet they have allowed an amount which satisfies the proof and which may not be regarded as excessive. The amount of the award of exemplary damages, resting largely within the discretion of the jury, does not appear so far disproportionate to the actual damages sustained as to be indicative of passion or prejudice on the part of the jury.

It is concluded that the judgment of the trial court should be affirmed, and it is accordingly so done.