## WALKER et al. v. SALT FLAT WATER CO.
### No. 7881.

Court of Civil Appeals of Texas. Austin.
Oct. 25, 1933.

Rehearing Denied Nov. 8, 1933.

Ben F. Cone, of Luling, and Kelso, Locke, & King, of San Antonio, for appellants.

Fred L. Blundell, of Lockhart, and K. W. Gilmore, of Houston, for appellee.

BLAIR, Justice.

Appellants sued appellee, alleging that appellee purchased a right of way across their

property for the construction of a salt water pipe line, agreeing to "bury and maintain all pipe lines so as not to interfere with the cultivation or drainage of said land"; that appellee constructed the pipe line, and, when it filled up the ditch in which the pipe was placed, it left the dirt banked or piled on top of the pipe line, creating or causing a large embankment or levee across appellants' land; that, when it rained, water was caused to be impounded by the bank of dirt, damaging and destroying appellants' crop on a part of the land; and that the waters so impounded broke through the levee in several places and ran across appellants' land, causing deep washes and gulleys, permanently damaging and destroying the value of a part of the land; and that, because of the breach of its agreement to bury and maintain the pipe lines so as not to interfere with the drainage of the land, appellants had been damaged in the sum of $3,900.

Among other answers, appellee pleaded that appellants were guilty of contributory negligence, in that they could have, by the use of the slightest degree of care, and with very little effort and expense, prevented the damages alleged by appellants, and could have minimized such damages to practically nothing by cutting holes in the levee or embankment so as to prevent the impounding of rain waters.

At the conclusion of appellants' testimony, upon the motion of appellee, the court directed a verdict in favor of appellants against appellee in the sum of $3, and accordingly rendered judgment for $3 and costs of suit; hence this appeal.

The trial court predicated its instructed verdict upon the ground that the uncontradicted testimony showed that appellants were guilty of contributory negligence as a matter of law, in that appellants could have prevented any damages whatsoever by the expenditure of two or three hours' time and labor at a maximum cost of $3. We sustain the action of the trial court.

Appellants' farm manager and agent, who was at the time of the rain in question, and for 15 years prior thereto, in complete charge of the farm, and who was called as a witness by appellants, gave uncontradicted testimony in substance and effect that he knew the condition of the land; knew the lay of the land; knew the condition in which it was left by the appellee after the construction of the pipe line; for a month or at least several days knew that, if there should come a rain, the waters would be impounded behind the pipe line embankment; and knew that he could have prevented any damage by two or three hours' labor at a trivial cost of $2 or $3. He further testified as follows: "Q. You say then that by the expenditure of two or three hours time in labor at a cost of two or three dollars you could have prevented this entire damage? A. Yes, sir. I could have but I didn't figure it was my duty."

The evidence was also undisputed that the levee or dirt embankment was temporary, being the loose dirt taken from the ditch, and which after a time would settle and become level with the land. The manager further testified that he caused his employees to plow over the levee in the cultivation of the crops; and that at the point where the road crossed the embankment he dragged it level, in order to pass over it.

The rule has ever been in Texas that no recovery may be had for losses or damages, whether from tort or breach of contract, which might have been prevented, or the consequences avoided by reasonable efforts or expenditure by the person damaged. Gulf Pipe Line Co. v. Watson (Tex. Civ. App.) 8 S.W.(2d) 957; Galveston, H. & S. A. Ry. Co. v. Becht (Tex. Civ. App.) 21 S. W. 971; Southwestern Gas & Electric Co. v. Stanley (Tex. Civ. App.) 45 S.W.(2d) 671; 13 Tex. Jur. par. 27, p. 99; 17 C. J. pars. 96 and 97, pp. 767, 768; 1 Sutherland on Damages, § 155; 8 R. C. L. 442; F. W. & D. C. Ry. Co. v. Daggett, 87 Tex. 322, 28 S. W. 525. This rule has been applied in a wide variety of situations. In the case of Gulf Pipe Line Co. v. Watson, supra, the rule was applied to a pipe line removal contract, which on fact and principle is very similar to the instant case. In the case of Poutra v. Martin (Tex. Civ. App.) 135 S. W. 725, where it appeared that the defendant failed to perform his contract obligation to construct a lateral to irrigate the plaintiff's crop, it was held that the plaintiff was bound to avoid the damage if he had knowledge of the facts and could do so at moderate expense. The rule with regard to failure to use preventive measures, or to use reasonable effort to prevent or minimize loss, as defeating recovery of damages occasioned by breach of contract, is well stated in 13 Tex. Jur. pp. 99 and 106, §§ 27 and 32, with numerous citation of authorities, which show the application of the rule to a wide variety of situations; and many of which furnish a complete analogy to the facts in the instant case.

Appellants contend, however, that there was no positive evidence to show that the condition of the levee and the possibility of its impounding rain water had been called to the attention of appellants. The evidence is undisputed that witness Conley was their farm foreman, and had been in possession of the land for 15 years. He testified positively that he knew the condition of the levee for a month, or at least several days before the rain; and that he knew if it rained with it in its then condition that it would cause the damage. Nor do we sustain the contention of appellants that, although the witness might have been dubious about the condition

in which the pipe line was left, still he did not have actual knowledge of what might occur; and that such was a matter for the jury. He had no right to thus speculate, because he testified that he knew before the rain that water would impound behind the embankment and result in the damages complained of; and that he could have prevented any damages by the expenditure of a trivial amount of labor and money.

Nor do we sustain the contention of appellants that the failure of Conley to construct openings for drainage through the levee placed too great a burden of knowledge or ability or forethought upon him; and further that he did not know his duty in the premises, and that a jury might determine that he acted with ordinary prudence in concluding to see what effect the rain would have before interfering with the embankment. Conley's own testimony refutes this contention, because he stated that he knew that if a rain came the levee would impound the water and cause the damages. He further knew that by a small expenditure of time and money he could have prevented the damages. His evidence is also undisputed with regard to his authority to interfere with the levee. He testified that he caused his employees to plow over the levee in the cultivation of the crops; and, at other points where the road crossed it, lowered the grade in order to make it passable. Under the undisputed facts, there was nothing left to submit to the jury. No reasonable mind could differ as to whether a reasonably prudent person would have expended the trivial amount of labor and money to prevent the damages complained of. Appellants' manager testified that he saw the condition and knew that he could have remedied it with trivial labor and cost, "but didn't figure it was my duty." This was no excuse, because the rule of law above referred to and applicable to the undisputed facts made it his duty to make this reasonable effort to prevent the loss or damages complained of.

The judgment of the trial court will be affirmed.

Affirmed.