QUANAH, A. & P. RY. CO. et al. v.
GALLOWAY.

(Court of Civil Appeals of Texas. Amarillo.
Feb. 22, 1913.)

1. APPEAL AND ERROR (§ 216*)—OBJECTIONS
IN LOWER COURT—INSTRUCTIONS—NECESSI-
TY OF REQUEST—MEASURE OF DAMAGES.
Failure to charge on the measure of dam-
ages is an exception to the rule that omission
to charge cannot be complained of unless a spe-
cial charge was requested.
[Ed. Note.—For other cases, see Appeal and
Error, Dec. Dig. § 216.*]

2. CARRIERS (§ 137*)—INJURY TO LIVE STOCK
SHIPMENT — MEASURE OF DAMAGES — IN-
STRUCTIONS.
An instruction, in an action for injury by
a carrier of a live stock shipment giving no
measure of damages other than that the jury
shall assess plaintiff's damage at such sum as
they believe from the evidence he has sustained,
or suffered, is erroneous.
[Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 594, 595; Dec. Dig. § 137.*]

3. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF
EVIDENCE.
An instruction, assuming that the alleged
rough handling by a carrier of a shipment of
live stock was negligence, is on the weight of
the evidence, and an invasion of the province of
the jury.
[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 413, 439–441, 446–454, 456–466; Dec.
Dig. § 194.*]

4. EVIDENCE (§ 244*)—DECLARATION OF EM-
PLOYÉ—PREDICATE.
A notation, made by an employé of a car-
rier on the expense bill: "Eight cows more or
less stove up. * * * Some few skinned, ap-
parently caused by rough handling"—is admissi-
ble in an action for injury to the live stock
shipment; a predicate being laid by a showing
of authority in such employé to make the no-
tation.
[Ed. Note.—For other cases, see Evidence,
Cent. Dig. §§ 916–936; Dec. Dig. § 244.*]

5. TRIAL (§ 261*)—INSTRUCTIONS—REQUESTS.
Defendant, under the pleadings and evi-
dence, being entitled to have the issue of con-
tributory negligence submitted, it was error not
to charge thereon; the charge requested, though
incorrect, being sufficient to direct the mind of
the court to the issue.
[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 660, 671, 675; Dec. Dig. § 261.*]

6. APPEAL AND ERROR (§ 1170*)—HARMLESS
ERROR—SUBSTANTIAL JUSTICE RULE.
The substantial justice rule, Rule 62a (149
S. W. x), is not a panacea for all ills which
afflict cases brought to the appellate court.
[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 4540–4545; Dec. Dig. §
1170.*]

Appeal from Cottle County Court; W. E.
Prescott, Judge.

Action by W. W. Galloway against the
Quanah, Acme & Pacific Railway Company
and another. Judgment for plaintiff, and
defendants appeal. Reversed and remanded.
See, also, 140 S. W. 368.

Decker & Clarke and R. R. Fleming, all of
Quanah, for appellants. R. D. Browne, of
Paducah, for appellee.

HALL, J. Appellee Galloway sued ap-
pellant in the county court of Cottle county
for the loss of certain cows and damage to
the remainder of the cows, in a shipment
from Ft. Worth to Paducah, Tex. There was
a verdict and judgment in appellee's favor of
$225.

[1] Appellant first assigns error upon the
failure of the court to charge the jury upon
the measure of damages. While the gener-
al rule is that omission on the part of the
court to charge cannot be made the basis of
an assignment of error in the appellate court
unless a special charge has been requested by
the appellant, a failure to charge upon the
measure of damages seems to be one excep-
tion to the rule. H. & T. C. Ry. Co. et al. v.
Buchanan, 38 Tex. Civ. App. 165, 84 S. W.
1073; Murchison v. Warren, 50 Tex. 27; K.
C., M. & O. Ry. v. Worsham, 149 S. W. 756;
Hazelwood v. Pennybacker, 50 S. W. 199;
Beeman St. Clair Co. v. Carradine, 34 S. W.
980; G., H. & S. A. Ry. Co. v. Schrader, 1
White & W. Civ. Cas. Ct. App. § 1147.

[2, 3] The second, third, fourth, and fifth
assignments of error complain of the court's
charge. The first paragraph of the charge
is as follows: "If you find from a prepon-
derance of the evidence that the plaintiff de-
livered his cattle to the defendants, or either
of them, in good and sound condition in Ft.
Worth, Tex., for shipment to Paducah, Tex.,
and that the said cattle were injured and
damaged by reason of the rough treatment
and handling by the defendants, and that
said rough treatment of said cattle, if any,
was the proximate cause of the damage to
said cattle, if any, then you will find for
plaintiff, and assess his damage at such sum
as you believe from the evidence he has suf-
fered." The fourth paragraph is as follows:
"If you believe from the evidence that the
cattle would not have been damaged or lost
if defendants had transported them with rea-
sonable care, and that the failure of the de-
fendants to exercise reasonable care in the
transportation of said cattle was the proxi-
mate cause of their loss or damage, then you
will find for the plaintiff, Galloway, such a
sum as you believe from the evidence he has
sustained, and unless you so find, you will find
for the defendants." It will be seen that the
jury is left to fix the amount of the plain-
tiff's damages, if any, at such sum as they
think he has "sustained" or has "suffered."
This is manifestly error, because the measure
of damages for injuries to and for the loss
of live stock, when transported by common
carriers, is too well settled to require the
citation of authorities. Without considering
appellants' assignments of error in detail, ap-
pellants contend that the charges quoted are
erroneous because they waive the question of
negligence on the part of appellants, and
seem to have been given upon the theory con-
tended for by appellee in his brief that appel-

lants were insurers. The charges seem to assume that the alleged rough handling was negligence, without submitting the issue to the jury for its determination, and to that extent is upon the weight of the testimony and invades the province of the jury. The liability of a common carrier depends upon negligence, and the charge of the court which assumes that any alleged fact is negligence constitutes reversible error. The court fails to define negligence in any part of the charge, and having in effect told the jury that there was a failure on the part of the defendants to exercise reasonable care, the error cannot be disregarded.

[4] The sixth and seventh assignments of error complain of the action of the court in permitting the witness Bishop to testify with reference to a notation made by him upon the expense bill, as follows: "Eight cows, more or less stove up and stiff in walking. Some few skinned, apparently caused by rough handling." These assignments are not well taken, since the record shows that a sufficient predicate had been laid for the introduction of this testimony. Q., A. & P. Ry. Co. v. W. W. Galloway, 140 S. W. 368.

[5] The defendants pleaded specially as their sole defense the contributory negligence of appellee, and requested the court to give the jury a special charge tendered upon that issue, which the court refused, and this forms the basis of the eighth assignment of error. The pleadings and evidence show that appellants were entitled to have this issue submitted to the jury; and, while the particular charge requested by appellants is incorrect, it was sufficient to direct the mind of the court to the issue and require at his hands a proper charge. We think this is also reversible error.

[6] Appellee, in the concluding remarks of his brief, insists that while there may be errors, the "substantial justice" rule is an "antidote," and should be applied to this judgment, and the same affirmed. If, pathologically considered, this case is sick—desperately sick—and saturated with the poison injected into it via the errors discussed above, a careful diagnosis convinces us that even a drastic dose of Rule 62a (149 S. W. x), the substantial justice rule, would not neutralize the venom of the noxious elements with which it has been inoculated in the trial court. Besides, we are not veterinarians, and must decline to administer the remedies according to that pharmacopœia. During this clinic, we will advise the bar that Rule 62a is not a panacea for all the ills which afflict cases brought here for treatment. The rule is an anæsthetic and a sedative, rather than an antitoxin or a purgative. It is concocted to render the patient insensible to the scarification during the process of bloodletting, rather than to remedy the condition requiring cupping; and it is especially efficacious in cocaining bodies corporate when it is desired to remove several hundred dollars worth of cuticle.

The rule has reacted in this case, however, and substantial justice demands that the judgment be reversed, and the cause remanded, and it is so ordered.