SNODGRASS v. FORT WORTH & D. C. RY. CO. (No. 2111.)

(Court of Civil Appeals of Texas. Amarillo. March 28, 1923. Rehearing Denied May 2, 1923.)

1. Master and servant ☞285(11)—Whether train failed to give crossing signal, and whether failure was proximate cause of injury, held for jury.

In an action by railway employee injured at a station through alleged reliance on approaching train to give crossing as well as station signals, whether crossing signals were given, and whether failure to give was negligence and the proximate cause of injury, held for the jury.

2. Trial ☞351(2)—Objection to charge and request for issues held sufficient to entitle plaintiff to issue as to negligence not explicitly requested.

Plaintiff's objection to the charge as excluding theory of negligence in failing to give crossing signals, and his request for issues as to whether crossing signals were given and whether failure to give such signals was the proximate cause of his injury, was sufficient to call the court's attention to the matter and require it to submit an issue as to whether failure, if any, to give crossing signals, was negligence, though plaintiff did not explicitly request the issue of negligence.

3. Commerce ☞58—Requirement of crossing signals a police measure applicable to interstate trains.

The law requiring signals to be given at crossings is a police regulation and is applicable to interstate as well as intrastate trains.

4. Master and servant ☞289(19)—Contributory negligence of employee adjusting mail pouch at station held for the jury.

Contributory negligence of railway employee injured by train while adjusting mail pouch on a railway mail crane at station held for the jury.

5. Master and servant ☞285(1)—Cause of injury to employee adjusting mail pouch held for jury.

In an action for injury to employee injured while adjusting mail pouch on mail crane as train approached station, evidence held to show injury was probably caused by arm of mail crane as alleged, and not to justify directed verdict for defendant on ground cause of injury was not shown.

Appeal from District Court, Wilbarger County; J. A. Nabers, Judge.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(250 S.W.)

Action by E. E. Snodgrass against the Fort Worth & Denver City Railway Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Houtchens & Clark, of Fort Worth, and Berry, Stokes & Killough, of Vernon, for appellant.

Bonner, Storey & Storey, of Vernon, and Thompson, Barwise, Wharton & Hiner, of Fort Worth, for appellee.

BOYCE, J. Plaintiff, Snodgrass, sued to recover damages for injuries while attempting, as an employee of the defendant railway company, to adjust a mail pouch on the railway mail crane at the station of Harrold. His version of the matter is that, while he was attempting to make such adjustment, the arms of the crane were tripped by the receiving arm of the passing mail car, releasing the lower arm of the crane, which thereupon struck him on the head. The negligence alleged is in the failure of the train operatives to blow the station and certain crossing whistles, which would have advised plaintiff of the position of the approaching train. Judgment was for the defendant on finding of the jury that the engineer did not fail to blow the station whistle at the usual place.

The north and west bound passenger train, which was to take up this mail, passed Harrold in the nighttime and did not stop at that place except on flag, receiving the mail from this mail crane, located on the platform near the depot. This crane consisted of an upright post and two arms. The upper arm was connected with springs or weights, which, when the mail pouch was not in position for delivery, held it straight upward, at which time the lower arm would project downward. A pulling down of the upper arm would raise the lower arm correspondingly. When the mail pouch was fixed for delivery, the arms were in a horizontal position and parallel about three feet apart, the mail pouch hanging between, fastened to the end of the two arms. An arm, operated by the mail clerk in the mail car, would pass around the mail bag as the mail car went by and would pull it from the arms of the mail crane, when the arms would spring into position, one up, and the other down. According to plaintiff's testimony, he had some time prior to the approach of the train, which was not to stop at Harrold on this occasion, placed the mail bag in position on the crane, but, after he saw the headlight of the train coming, noticed that the lower end of the bag had come unfastened from the lower arm, and was attempting to refasten it when the train passed, and pulled the mail bag from its upper fastening, at which time something struck plaintiff on the head and injured him. He further testified that the blinding effect of the headlight prevented him from judging the distance of the train, but he depended on its whistle to locate its position; that the station whistle was not blown at the station whistling post, which was about 2,586 feet from the crane, but a whistle was blown just before the train reached the crane; that plaintiff's back was to the train at this time, and he supposed it was at the station whistling post; that the whistles for the crossings east and west of the crane were not blown, nor the bell rung. These crossings were located as follows: Two to the east of the crane; the nearest 155 feet and the other 1,445 feet therefrom; one, 175 feet west of the mail crane. The crossing whistles are two long, followed by two short blasts. The engineer testified that he sounded the station whistle at about the usual place and afterwards gave the road crossing signal about 800 feet east of the mail crane.

[1, 2] The court submitted only an issue as to whether the station whistle was blown at about the usual place. Plaintiff objected to the charge because it excluded from the jury the theory of negligence in failing to give the crossing signals. Plaintiff requested issues as to whether the crossing signals were given and whether the failure to give these were the proximate cause of his injury. He did not request an issue as to whether the failure to give the crossing signals, if those questions should be answered in the affirmative, was negligence. The only question in the case is as to whether the court erred in not submitting issues as to the failure of the railway operatives to give the crossing signals. Under the facts of this case, the failure to give the crossing signals would not have been negligence per se; but we think the plaintiff, on proper request, was entitled to have the jury determine whether the failure to give the crossing signals, if they were not given, was negligence, and the proximate cause of the injury. Railway Co. v. Gray, 65 Tex. 32; M., K. & T. Ry. Co. v. Sanders, 101 Tex. 255, 106 S. W. 321, 14 L. R. A. (N. S.) 998, 16 Ann. Cas. 1107, and authorities there cited. We overrule the appellee's contention that appellant cannot complain of the failure of the court to charge on this theory of the case because he did not request the submission of an issue as to whether the failure to give the crossing signals was negligence. A correct presentation of the issues to the jury would have required the submission of the following issues: (1) Whether the crossing signals were given; (2) whether the failure to give them was negligence; (3) whether such negligence, if found, was the proximate cause of plaintiff's injury. But we think the objection to the charge of the court and the request for the submission of issues as stated above was sufficient to call the court's attention to the matter and require the submission of the question to the jury. Texas Refining Co. v. Alexander (Tex. Civ. App.) 202 S. W. 131; Brady v. McCuistion (Tex. Civ. App.) 210 S. W. 815; Foster v. Atlir (Tex. Com. App.) 215 S. W. 955.

When the court refused to submit an issue as to the basic fact of the charge of negligence, it was apparent that it would be futile for the appellant to request the submission of a further issue as to whether such facts constituted negligence, and we do not think that his failure to make such further request ought to preclude his presenting this matter on appeal. We think that appellant's second, third, and fourteenth assignments, in connection with assignments four to eight inclusive, are sufficient to entitle him to have this matter considered.

[3] The law requiring signals to be given at crossings is a police regulation and is applicable to interstate as well as intrastate trains. Cleveland, etc., Ry. Co. v. Illinois, 177 U. S. 514, 20 Sup. Ct. 722, 44 L. Ed. 868; Crutcher v. Kentucky, 141 U. S. 47, 11 Sup. Ct. 851, 35 L. Ed. 653; R. C. L. p. 719, § 34.

[4] We think the questions of proximate cause, assumed risk, and contributory negligence, as applied to the issue under consideration, would be for the jury, and we cannot sustain the judgment on the ground that the evidence is conclusive as to either one of them. While the evidence is conclusive that the plaintiff knew that the train was approaching, his testimony is that he had no means of judging with any accuracy of its relative proximity except by the signals, and that he relied on these.

[5] Another contention is that the appellee was entitled to a peremptory instruction because the evidence is not sufficient to sustain the allegation that plaintiff was struck by the lower arm of the mail crane. Plaintiff does testify that he did not know what hit him, but he described his position just before he was struck by something and became unconscious. The circumstances justify the conclusion that it was the arm of the mail crane that struck him, as there is no other reasonable explanation of the occurrence.

Reversed and remanded.