### TEXAS NURSERY CO. v. KNIGHT et al.*
(No. 1988.)

(Court of Civil Appeals of Texas. El Paso. March 10, 1927. Rehearing Denied March 24, 1927.)

1. Evidence ⨪242(5)—Testimony that defendant's employee in sales department stated "they" were going to make trouble for plaintiff was inadmissible in malicious prosecution, based on embezzlement charge.

In action for malicious prosecution, based on charge of embezzlement, testimony as to statements by defendant's employee in sales department that he wished plaintiff would borrow money or pay money off and "they" were going to give him trouble, held inadmissible.

2. Damages ⨪212—Failure to give proper rule for assessing damages, when requested, is reversible.

In damage suit court should give jury proper rule by which they are to be governed in assessment of damages, and failure to do so when requested is reversible error.

3. Trial ⨪258(1)—Written objection complaining of insufficiency of charge on measure of damages in malicious prosecution suit held sufficient to require proper charge.

In suit for malicious prosecution, written objection to charge complaining of insufficiency to instruct jury as to proper measure of damages was sufficient request to require court to give proper charge on damages.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Suit by J. F. Knight and others against the Texas Nursery Company and another. Judgment for plaintiffs against defendant named, and defendant named appeals. Reversed and remanded.

Freeman, McReynolds & Hay, of Sherman, for appellant.

Seay, Seay, Malone & Lipscomb and Phillips, Townsend & Phillips, all of Dallas, for appellees.

HIGGINS, J. Appellee Knight brought this suit against the United States Fidelity & Guaranty Company and appellant, the Texas Nursery Company, a corporation, to recover damages actual and exemplary for alleged libel, slander, and malicious prosecution. Findings were made favorable to the first named defendant, and judgment in its favor was rendered. No issue was submitted with respect to the alleged libel and slander. In the action for malicious prosecution all issues were found in favor of the plaintiff as against the Texas Nursery Company and actual damages assessed in the sum of $7,500, for which judgment was rendered. A remittitur of $4,000 was required, and entered upon the overruling of said company's motion for new trial. The Texas Nursery Company appeals.

The greater portion of its lengthy brief is devoted to assignments complaining of the refusal of a peremptory instruction in its favor and others questioning the sufficiency of the evidence to support the adverse findings made upon the essential elements of the action.

The case must be reversed for error in the admission of evidence and in the court's charge. Upon an examination of the evidence we are of the opinion that, in the light of all the facts and circumstances disclosed thereby, the requested instruction was properly refused and the findings made supported by the evidence. The evidence involves no novel question. A discussion of its probative effect would serve no useful purpose, and in view of a retrial, is inappropriate.

[1] A charge of embezzlement was filed against Knight. The grand jury failed to indict. Plaintiff's witness Bracken was permitted, over objection, to testify to a conversation with one A. B. Mayhew, an employee of appellant in its sales department, in which the witness testified that Mayhew stated "that he wished Mr. Knight would borrow the money, or pay the money off; that he hated to see him have trouble over it, and they was going to give him trouble"; that various things were said, but that was about the substance of the conversation; that, as far as he was concerned, he wished it would be settled; that "he wouldn't bother him

---

⨪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction May 18, 1927.

(Knight) no way, shape or form, but they was going to give him trouble."

This testimony was clearly inadmissible under the following authorities: Waggoner v. Snody, 98 Tex. 512, 85 S. W. 1134; Ft. W. & D. C. Ry. Co. v. Thompson, 75 Tex. 505, 12 S. W. 744; Hines v. Collins (Tex. Civ. App.) 227 S. W. 332; Pecos & N. T. R. Co. v. Amarillo St. R. Co. (Tex. Civ. App.) 171 S. W. 1103.

The fourteenth issue submitted the question of the amount of money which would compensate the plaintiff for the actual damages, if any, sustained by him from the prosecution.

[2] No definition or explanation was given as to the measure of damages. Written objections were filed by appellant complaining of the insufficiency of the charge in failing to instruct the jury as to the proper measure. In every damage suit the court should give the jury the proper rule by which they are to be governed in the assessment of damages. Failure so to do, when requested, is reversible error. Beeman St. Clair v. Caradine (Tex. Civ. App.) 34 S. W. 980; Houston & T. C. R. Co. v. Buchanan, 38 Tex. Civ. App. 165, 84 S. W. 1073; Hazelwood v. Pennybacker (Tex. Civ. App.) 50 S. W. 199; Quanah A. & P. R. Co. v. Galloway (Tex. Civ. App.) 154 S. W. 653; Kansas City, M. & O. R. Co. v. Worsham (Tex. Civ. App.) 149 S. W. 755; Galveston, H. & S. A. R. Co. v. La Gierse, 51 Tex. 189; Glasscock v. Shell, 57 Tex. 215.

[3] And the written objection to the charge made by appellant was a sufficient request to require the court to give the proper charge. Foster v. Atlir (Tex. Com. App.) 215 S. W. 955; Liddell v. Gordon (Tex. Com. App.) 254 S. W. 1098; Snodgrass v. Ft. Worth, etc., Ry. Co. (Tex. Civ. App.) 250 S. W. 766; City of Austin v. Bush (Tex. Civ. App.) 260 S. W. 300; Austin, etc., Co. v. Anderson (Tex. Civ. App.) 262 S. W. 136; Brady v. McCuistion (Tex. Civ. App.) 210 S. W. 815.

These are the only questions presenting error or which call for any discussion.

Reversed and remanded.