## INTERNATIONAL–GREAT NORTHERN R. CO. v. CASEY.
### No. 1522—5831.

Commission of Appeals of Texas, Section A.

Feb. 24, 1932.

Andrews, Streetman, Logue & Mobley, of Houston, B. F. Davis, of Jacksonville, and M. M. Guinn and E. D. Guinn, both of Rusk, for plaintiff in error.

W. T. Norman and Thomas Shearon, both of Rusk, for defendant in error.

SHARP, J.

B. W. Casey sued the International-Great Northern Railroad Company in the county court of Cherokee county to recover $540 in damages for the destruction of a pair of mules, wagon, and harness alleged to have been caused by the negligence of the railroad company in a collision at a public crossing while Jake Packer, employee of Casey, was attempting to cross the railroad crossing. The negligence alleged consisted in operating the train at a rate of speed in excess of 50 miles per hour; in operating the train at the time at such a rate of speed that it could not be stopped after it came into view of the crossing; in failing to sound the whistle and ring the bell 80 rods from the crossing; and in failing to discover plaintiff's team and wagon in time to stop the train or lessen the speed of same in order to avoid the collision.

The railroad company answered, pleading, among other things, a general denial, contributory negligence on the part of the employee, etc.

The case was tried before a jury upon special issues, and judgment rendered by the trial court for the plaintiff in the sum of $425. The railroad company appealed to the Court of Civil Appeals at Texarkana, and the judgment of the trial court was affirmed (no written opinion filed). The Supreme Court granted a writ of error.

Plaintiff in error contends that the Court of Civil Appeals erred in holding that the trial court did not err in permitting B. W. Casey, the plaintiff, to testify to the effect that the team of mules killed was worth $350 to him, that the wagon which was destroyed was worth $150 to him, and that the harness was worth $40 to him, over the objections made to such testimony by plaintiff in error that the answers of the witness were improper, in that the cash market value of the mules, wagon, and harness had not been shown, and that there was no showing that the mules, wagon, and harness had no cash market value, but the showing in the record was to the effect that each of the said articles had a cash market value; the witness testifying to that effect.

The record discloses, as shown by the bills of exception, that on direct examination B. W. Casey was permitted to answer to the questions as to what the harness, wagon, and mules were worth to him over the objection that such questions were improper, in that the cash market value of the harness, wagon, and mules had not been shown; that there was no showing that the harness, wagon, and mules had no cash market value, and that an article could not be proved to have an especial value to the owner, unless the predicate be established that there was no cash market value for the same, which was not done; that B. W. Casey was permitted to testify that the harness would be worth $40 or $50 to him; that the mules were worth $175 or $200 each, or $350 for the pair, to him; and that the wagon was worth about $160 or $175 to him. Similar complaint was made by plaintiff in error to the testimony of the witnesses, Lonnie Packer and Jake Packer, to similar testimony, which was also admitted by the trial court over the objections made by the railroad company.

The primary principle to be applied in awarding damages for negligent injuries to property is that the owner shall have actual pecuniary compensation for the loss sustained. If the action is based upon the loss of the property, the general standard fixed for the measure of damages is the value of the property destroyed or damaged. The rule is settled that, where property is destroyed or injured, which has a market value, this must be shown by the owner as the measure of damages; where it has neither a market value nor a real value, but it is shown what it would cost to replace or reproduce the article, then such cost is the measure of recovery. Where it has neither a market value nor a real value, and it cannot be reproduced or replaced, then in that event it would be proper to show what it was worth to the owner. In other words, what is the actual loss in money sustained by the owner on account of being deprived thereof? 13 Tex. Jur. §§ 62, 63, and 64, and authorities collated thereunder; Ry. Co. v. Zumwalt (Tex. Com. App.) 239 S. W. 912; Ry. Co. v. Crews, 54 Tex. Civ. App. 548, 120 S. W. 1110. This assignment is sustained.

Plaintiff in error further complains of the Court of Civil Appeals in its opinion, wherein it is held that, since the jury, in answer to questions submitted to them, found that the company failed to sound the whistle at a point 80 rods from the crossing, and failed to begin ringing the bell at that distance from the crossing, although the issue as to whether or not this negligence on the part of the railroad company was the proximate cause of the damages sustained by plaintiff, was not submitted to the jury for a finding thereon, yet that court must assume that the trial court found the failure to sound the whistle and ring the bell was the proximate cause of the damages sustained by plaintiff.

The Court of Civil Appeals, in its opinion, says:

"The jury found, on issues submitted to them without objection on the part of appellant, that said employees never sounded the whistle nor began ringing the bell until the train was within 200 feet of the crossing. The effect of those findings was to determine that said employees failed to comply with the requirements of the statute (article 6371, R. S. 1925) and therefore were guilty of negligence as a matter of law. No question is made on this appeal as to the right of the court to submit the issues specified, nor as to the right of the jury to find as they did.

"No issue as to whether such negligence was a proximate cause of the collision or not was submitted to the jury, and no request for the submission of such an issue was presented to the court. There was evidence authorizing findings that such negligence was such a cause. In that state of the case this court must assume that the court found the failure to sound the whistle and ring the bell was such a cause."

 The record discloses that the trial court did not submit to the jury any issue to the effect that the failure of the railroad company to sound the whistle at a point at least 80 rods from the crossing and the failure to begin ringing the bell at that distance from the crossing was the proximate cause of the damages sustained by B. W. Casey. It further appears that no such issue was requested. Unless the judgment could be predicated upon other findings of the jury based upon other grounds of negligence sufficient to sustain the judgment entered by the trial court, the trial court was not justified in assuming to find upon this issue. The decisions of this state hold that, when a jury is demanded to try the facts, litigants are entitled to have every essential and independent issue submitted to the jury for a finding thereon. The finding of the jury that the railroad company was negligent, as above described, without also finding that such negligence was the proximate cause of the damages sustained by plaintiff, would not support a judgment based thereon. If the owner relied upon the negligence of the operatives of the train in approaching the crossing, in failing to ring the bell and blow the whistle, for a recovery, it was essential that there should have been submitted to the jury an issue that the negligence of the operatives of the train in approaching said crossing was the proximate cause of the damages sustained by him. This record does not show that the defendant in any way waived this issue. The settled doctrine in this state is that proximate cause is a question of fact for the jury. It can only become a question of law when the facts and circumstances are such but that one reasonable conclusion can be drawn therefrom. The law places the burden upon the plaintiff to allege and prove that he was entitled to a judgment against the railroad company, and, if the pleadings and evidence raise certain issues, it was the duty of the trial court to submit the essential issues to the jury for a finding thereon. If the court failed to submit such issues, it was the duty of plaintiff to request their submission. If plaintiff failed to do this, he has not met the burden placed upon him by law. If it was not done, the law presumes that he waived it, and, unless it is a matter that is incidental or supplemental to the ultimate issues, then the trial court would not be justified in finding this essential fact without having an answer to the jury first made on the issues submitted. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W. (2d) 1084; Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S. W. 902; Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591; Dallas Hotel Co. v. Davison (Tex. Com. App.) 23 S.W.(2d) 708; Montrief & Montrief v. Ft. Worth Gas Co. (Tex. Com. App.) 4 S.W.(2d) 964; Federal Surety Co. v. Smith (Tex. Com. App.) 41 S. W.(2d) 210. This contention is sustained.

Plaintiff in error further contends that the Court of Civil Appeals erred in holding that it was not error for the trial court to submit to the jury special issue No. 12, which reads as follows: "What was the amount of damages suffered by the plaintiff? You will answer this special issue by giving the amount in dollars and cents." This issue was objected to upon the ground that it did not give an accurate measure of damages, in that the charge or issue did not require the jury to find the cash market value of the property, and, furthermore, because the jury was not required to find each of the different items of damage to the mules, wagon, and harness.

 The amount of damages sustained by the owner was a question of fact for the jury. The rule to measure these damages is one of law, and it was the duty of the trial court to give the jury in its charge the rule to be applied in ascertaining the damages. The failure to do this left the jury without any rule to govern them. The special issue submitted, without some rule to control the jury in making an answer thereto, was too broad, and permitted the jury to speculate as to the amount of damages that the owner could recover against the railroad company. This was error. Texas Nursery Co. v. Knight (Tex. Civ. App.) 292 S. W. 588; Ry. Co. v. Le Gierse, 51 Tex. 189; H. & T. C. Ry. Co. v. Buchanan, 38 Tex. Civ. App. 165, 84 S. W. 1073; Gulf Pipe Line Co. v. Watson (Tex. Civ. App.) 8 S.W.(2d) 957.

 Complaint is also made that the trial court erred in failing to define the terms "negligence," "contributory negligence," and "proximate cause" when timely and properly

672

complained of. The record shows that no definition of those terms was given by the trial court to the jury. This was excepted to by plaintiff in error. Article 2189, R. S. 1925, in part, reads: "In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues."

The courts of this state have repeatedly held that it is the right of a party, upon properly presenting the matter, to have proper definitions and explanations of the terms given by the trial court to the jury, and failure to do so constitutes reversible error. Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W. (2d) 570; Owens v. Navarro County Levee Imp. Dis., 115 Tex. 263, 280 S. W. 532. We sustain this contention.

We forego a discussion of the other assignments raised, because in all probability they will not arise during another trial.

We recommend that the judgments of the trial court and the Court of Civil Appeals be reversed, and this cause remanded to the county court of Cherokee county for another trial in accordance with this opinion.

CURETON, C. J.

Judgments of the county court and Court of Civil Appeals reversed, and cause remanded to the county court.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.