## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. HILL BROS.

### No. 1345.

Court of Civil Appeals of Texas. Waco.

March 23, 1933.

R. B. Cross, of Gatesville, for appellant.

T. R. Mears, of Gatesville, for appellees.

ALEXANDER, Justice.

Hill Bros. brought this suit against the St. Louis Southwestern Railway Company of Texas for damages to a shipment of cattle shipped from Gatesville to Fort Worth. The plaintiff alleged that the cattle were in good condition when delivered to the railway company, but that, when they were delivered at Fort Worth by the railway company, one cow was dead and several others injured. The court submitted the case to the jury on special issues, and, upon the answers of the jury, rendered judgment for plaintiff for $175. The defendant appealed.

The court submitted the issue of damages to the jury as follows: "What amount of money, if any, paid now, would reasonably compensate the plaintiff for the damage, if any, sustained by them in the death and injury to their cows?" To which the jury answered: "$175.00."

No charge was given by the court instructing the jury as to the measure of damages to be applied. The appellant objected to the court's charge as follows: "Defendant objects and excepts to special issue No. 2 submitting the measure of damages herein and says that such measure there submitted is erroneous; and requests that the issue be submitted as to the market value of the cattle in the condition they arrived at their destination as compared to the condition in which they should have arrived but for some negligence attributable to the defendant."

In addition, the appellant tendered the following issue, which was refused by the court: "What was the market value per hundred weight of the plaintiffs' cattle in the condition that they were received at the point of destination as compared to their value in the condition they should have been received had there been no injuries?"

The general rule is that the court should instruct the jury as to the measure of damages to be applied, and it is error for the court to fail to do so. 13 Tex. Jur. 429, par. 254; 3 Tex. Jur. 824; International-G. N. R. Co. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669, par. 13; International-G. N. R. Co. v. King (Tex. Com. App.) 41 S.W. (2d) 234, par. 3; Texas Nursery Co. v. Knight (Tex. Civ. App.) 292 S. W. 588, par. 2, and cases there cited.

This rule has been applied in actions against railway companies for damages to cattle injured in transit in the following cases: Houston & T. C. R. Co. v. Buchanan, 38 Tex. Civ. App. 165, 84 S. W. 1073, 1076; Kansas City, M. & O. R. Co. v. Worsham (Tex. Civ. App.) 149 S. W. 755, par. 6; Quanah, A. & P. R. Co. v. Galloway (Tex. Civ. App.) 154 S. W. 653, par. 1; Panhandle & S. F. R. Co. v. Parrish (Tex. Civ. App.) 281 S. W. 887, par. 1; Texas & Pacific R. Co. v. Boaz (Tex. Civ. App.) 22 S.W.(2d) 492, par. 2.

In the case of Houston & T. C. R. Co. v. Buchanan, supra, Chief Justice Fisher said: "The charge of the trial court does not submit to the jury any rule as to the measure of damages. As to whether damages have been sustained is a question of fact for the jury. The rule to measure these damages is one of law, and it is impossible to conceive how a jury can correctly apply the rule of law in measuring the damages unless the court instructs them as to the rule in its charge. The failure to do this is more than a mere omission, and we regard it as positive error, in submitting a case of this kind, for the charge to fail to inform the jury as to the rule of law that should govern them in determining from the facts the amount the plaintiff might be entitled to recover."

In Kansas City, M. & O. R. Co. v. Worsham, supra, the court held that the failure to charge upon the measure of damages in such a case is affirmative error, and the defendant is not required to ask a special charge before it can be heard to complain of the omission. Whether or not this would be true under the present statute, it is not necessary for us to determine, because in this case the appellant not only objected to the charge for the failure to instruct on the measure of damages, but tendered a charge thereon. It is true that the issue as requested was not in the exact form as required, but, since the court wholly failed to charge on the measure of damages, the issue as tendered, together with the objection to the charge, was sufficient to call the matter to the attention of the court, and to require the court to prepare and present a correct charge thereon. Speer's Law of Special Issues, p. 383, § 264; Graves v. Haynes (Tex. Com. App.) 231 S. W. 383, par. 1; Texas Power & Light Co. v. Culwell (Tex. Com. App.) 34 S.W.(2d) 820, par. 5; Crawford v. El Paso Sash & Door Co. (Tex. Com. App.) 288 S. W. 169, par. 2; Speed v. Gilliland (Tex. Civ. App.) 18 S.W.(2d) 762, par. 7 (writ refused); Western Union Tel. Co. v. Coleman (Tex. Civ. App.) 284 S. W. 279, par. 2.

For the error of the court in failing to instruct the jury as to the measure of damages to be applied, the judgment of the trial court is reversed, and the cause remanded for a new trial.