## DEES v. THOMASON.
### No. 1468.

Court of Civil Appeals of Texas. Waco.
April 19, 1934.

Rehearing Denied May 24, 1934.

Mark Smith, of Waxahachie, for appellant.

Walter R. Fly, of Dallas, and Lem Wray, of Waxahachie, for appellee.

ALEXANDER, Justice.

The plaintiff, G. W. Thomason, sued the defendant, T. M. Dees, to recover damages for the breach of a lease contract. Judgment was rendered for the plaintiff for the sum of $3,500, and the defendant appealed.

The plaintiff alleged that he leased from the defendant 800 acres of land in Cooke county for a period of one year, with an option to extend the lease from three to five years, but that, after he had taken possession of the land and improved same for use in raising fine cattle, hogs, and chickens, the defendant breached his contract and dispossessed plaintiff. The plaintiff further alleged that the defendant and Paul Rivoire and Tom Hemphill conspired together and converted to their own use certain personal property situated on said land and belonging to the plaintiff. The plaintiff sought to recover the value of the use of the leased premises for the unexpired portion of the lease term, the profits that he would have received from the cattle, hogs, and chickens raised on the land, and the value of the property claimed to have been converted to their own use by the defendant and Paul Rivoire and Tom Hemphill. The case was submitted to the jury on a general charge in which the court charged the jury, in part, as follows:

" * * * Now, if you believe from a preponderance of the evidence, that plaintiff had a contract with defendant of lease, as alleged by him, and, that while such contract was in force and effect, if you find he had such contract, the defendant wrongfully breached the same you will find for plain-

tiff such damages as he suffered as the result of such breach of contract, if any, not to exceed $26,000.00, but if you do not so find a breach of such contract, you will find thereon for defendant.

"Now, bearing in mind the definition of the term 'conversion' hereinbefore given you, if you find and believe from a preponderance of the testimony, that defendant, acting either alone, or in collusion with Paul Rivoire and Tom Hemphill, converted any of the property owned by plaintiff situated on the lands hereinabove described, then you will find for plaintiff his damages caused such acts and conduct, if any, of defendant, Paul Rivoire, of Tom Hemphill, or any of them acting together, jointly or severally, in such sum of money as you may find and determine from the evidence, if any; but if you do not so find, you will find thereon for the defendant. * * * "

The court did not otherwise charge the jury as to the measure of damages to be applied. The defendant objected to the charge because the court failed to instruct the jury as to the measure of damages.

■ We are of the opinion that the court should have sustained the defendant's objection to the charge. The charge wholly failed to instruct the jury how to determine the amount of damages to be awarded in the event of a recovery by plaintiff. The general and well-established rule is that the court should instruct a jury as to the measure of damages to be applied, and that it is reversible error for the court to fail to do so. 13 Tex. Jur. 429, par. 254; 3 Tex. Jur. 824; International-G. N. R. Co. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669, par. 13; International-G. N. Ry. Co. v. King (Tex. Com. App.) 41 S.W.(2d) 234, par. 3; Texas Nursery Co. v. Knight (Tex. Civ. App.) 292 S. W. 588, par. 2, and cases there cited; St. Louis Southwestern Ry. Co. v. Hill Bros. (Tex. Civ. App.) 58 S.W.(2d) 861.

■ The alleged lease contract being for a period of one year, with an option in favor of the lessee for a longer period was within the statute of fraud (Rev. St. 1925, art. 3995) and void as to the future period unless the contract was in writing. 20 Tex. Jur. 298; Bateman v. Maddox, 86 Tex. 546, 26 S. W. 51. The plaintiff testified that the contract was made by telephone and afterwards confirmed by the exchange of letters. The original letters could not be produced, and the plaintiff introduced his own testimony as proof of their contents. In view of another trial, we suggest that the court give the jury more specific instructions as to what would be necessary in order to establish a valid contract for the lease of land for the period in question.

[3] We also suggest that the jury, upon another trial, be instructed that the defendant Dees would not be responsible for the value of property converted by either Rivoire or Hemphill unless the jury finds a conspiracy between them and the defendant to convert said property.

The other errors assigned will not likely arise in the same manner upon another trial, and consequently we do not discuss such other assignments.

The judgment of the trial court is reversed, and the cause remanded for a new trial.