## CROW v. SOUTHWESTERN TRANSP. CO.
### No. 3043.

Court of Civil Appeals of Texas. El Paso.
June 21, 1934.

Rehearing Denied July 19, 1934.

W. H. Hall and E. D. Hurt, both of Dallas, for plaintiff in error.

Ben F. Vaughan, Jr., Pinkney Grissom, and Thompson, Knight, Baker & Harris, all of Dallas, for defendant in error.

HIGGINS, Justice.

Crow was a passenger upon a motorbus operated by the Southwestern Transportation Company. He was traveling from Memphis, Tenn., to Dallas, Tex. The bus arrived at Pine Bluff, Ark., about 5 a. m. It was still dark. Said company used as its depots the depot buildings of the Cotton Belt Railroad. Upon arrival of the bus at the depot in Pine Bluff the driver announced a two-hour stop, and that the passengers might breakfast there at a restaurant down the street.

Upon alighting from the bus Crow inquired of the driver where the rest room was. The driver was standing with his back to the building. He pointed over his shoulder with his thumb towards the entrance and advised the rest room was "right inside to the right, first door to the right." Crow went to the restaurant in the middle of the next block and ate breakfast. He returned to the depot and undertook to enter the depot building for the purpose of going to the toilet. He entered a door standing slightly open leading into the depot. It was the outside door leading to the basement of the building. Upon entering the door Crow fell down the stairway to the basement floor sustaining some injury. He brought this suit to recover damages for the injury so sustained.

The jury made findings as follows:

(1) When the bus arrived at the depot in Pine Bluff plaintiff inquired of the driver of the bus the location of the men's toilet or rest room.

(2) The defendant's bus driver, in response to such inquiry, directed the plaintiff to the wrong door to enter the depot in question for toilet facilities.

(3) Such action of the bus driver was negligence.

(4) Such negligence was a proximate cause of the plaintiff's injuries.

(5) The defendant's bus driver, in response to the plaintiff's inquiry, failed to give plaintiff reasonably safe direction for locating the toilet facilities in the depot building.

(6) Such failure on the part of the bus driver was negligence.

(7) Such negligence was a proximate cause of plaintiff's injuries.

(8) Plaintiff failed to use ordinary care in the matter of going into the door leading down into the basement of the building.

Question No. 9. "Do you find from a preponderance of the evidence that such failure to use ordinary care, if you have so found, contributed in any degree to cause the accident complained of?" Answer, "Yes."

(10) Plaintiff failed to use ordinary care in the matter of following the directions of the bus driver in going to the men's toilet.

Question No. 11. "Do you find from a preponderance of the evidence that such failure, if any you have so found, to use ordinary care in the matter of following the directions of the defendant's bus driver in going to the men's toilet contributed in any degree to cause the accident complained of?" Answer, "Yes."

(12) Plaintiff did not fail to follow the directions of the bus driver in his effort to go to the men's toilet.

(13) The failure of plaintiff to follow the directions of the bus driver in his effort to go to the men's toilet was not negligence.

Question 14 was not answered because of its conditional submission.

(15) The failure of the plaintiff to follow the directions of the bus driver in his effort to locate the men's toilet was not the sole proximate cause of the accident.

The 16th finding assessed $300 as the plaintiff's damage.

Defendant moved for judgment upon such finding, which motion was granted.

## Opinion.

The appeal is submitted upon two theories, which may be briefly stated as follows:

First. Findings 8 and 10 are unsupported by the evidence.

Second. Plaintiff was entitled to judgment upon the findings made.

The bus had stopped in front of the waiting room for whites in the depot. The entrance to the waiting room had above it the sign "Bus Station." There were lights in the station, and one in front of and above the door to the waiting room. The door entered by plaintiff was unlighted and not upon the side where the entrance to the waiting room was located. In the light of all the facts, the jury was well warranted in finding the plaintiff was careless in entering the door leading to the basement. There was no occasion for him to misunderstand the direction that had been given by the driver for finding the rest room, and the jury was also warranted in finding plaintiff to be negligent in following such direction.

As to the second question, it is true findings 9 and 11 of themselves are insufficient to establish the plaintiff's negligence as a proximate contributing cause of his injury. Turner v. M., K. & T. Ry. Co. (Tex. Civ. App.) 177 S. W. 204. Such findings merely establish that plaintiff's negligence was a contributing cause. Whether it was a proximate or remote cause is not found.

The issue of proximate cause is ordinarily one of fact, and in International-G. N. R. Co. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669, it was held that if such issue be not submitted and no request made for its submission it would be presumed to be waived under the doctrine of Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

But when the facts are such that reasonable minds cannot differ in the conclusion that a given negligent act is a proximate contributing cause of a result, then the question becomes one of law. Ry. Co. v. Casey, supra.

The jury here has found the plaintiff was negligent, and that such negligence was a contributing cause of the accident to him.

Under the present facts, no reasonable mind can fail to conclude that such negligence was the nearest in the order of responsible causation and a proximate rather than a remote cause of the injury. There is no suggestion of any intervening agency to break such proximate causal connection.

It is unnecessary to submit an issue which follows as a matter of law upon the evidence in the case and other facts found. Speer Sp. Issues, §§ 36 and 163.

We are, therefore, of the opinion, upon the facts found and the undisputed evidence, plaintiff's negligence is shown to have been a proximate contributing cause of his injury, and judgment in the defendant's favor was properly rendered.

Affirmed.