## STEWART v. BAKER.
### No. 1920.

Court of Civil Appeals of Texas. Waco.
Sept. 23, 1937.

Stansell Bryan, of Waco, for appellant.
J. A. Kibler, of Waco, for appellee.

GEORGE, Justice.

Appellee, Charles F. Baker, sued appellant, W. T. Stewart, in justice court for damages for breach of warranty growing out of the making and sale by appellant to appellee of a set of false teeth. Appellee alleged unskillful construction of plates and use of inferior and defective material therein, and sought recovery of $110, the price paid therefor. Judgment was rendered and entered in the justice court, on jury verdict, in favor of appellee for $110 and costs of court. Appellant perfected appeal to county court, where, upon trial of the cause before a jury and the court, judg-

ment was entered on the jury's answers to special issues in favor of appellee for $75 and costs incurred in both courts.

The trial court submitted to the jury the following issue: "Special Issue No. 5: What amount, if any, do you find from a preponderance of the evidence plaintiff has been damaged, if he has been damaged by reason of the defendant making the false teeth plates in question of inferior and defective material, if you believe same was inferior and defective? Answer in dollars and cents," without giving in connection therewith any instruction, definition, or explanation as to the proper rule by which they were to be governed in arriving at and assessing amount of damages. Appellant, in writing, timely objected to this issue on the following grounds, to wit: (1) that it calls for a general verdict without submitting to the jury the elements which go to make up plaintiff's damages, if any; (2) that it allows the jury to go afield and speculate as to plaintiff's damages, if any; (3) that the jury is given no rule to guide it in the determination of damages or amount thereof; (4) that it submits a question of law; and (5) that it submits a mixed question of law and fact. Appellant excepted to the court's action in overruling his objections to special issue No. 5 and now contends that the trial court committed error in submitting such issue, in the form given, of such character as requires a reversal of this cause. This assignment is sustained. International-G. N. Ry. Co. v. Casey (Tex.Com.App.) 46 S.W.(2d) 669; Texas Nursery Co. v. Knight (Tex.Civ. App.) 292 S.W. 588; Galveston H. & S. A. Ry. Co. v. Le Gierse, 51 Tex. 189; Houston & T. C. Ry. Co. v. Buchanan, 38 Tex.Civ. App. 165, 84 S.W. 1073; Gulf Pipe Line Co. v. Watson (Tex.Civ.App.) 8 S.W.(2d) 957; St. Louis S. W. Ry. Co. v. Hill Bros. (Tex.Civ.App.) 58 S.W.(2d) 861; International-G. N. Ry. Co. v. King (Tex.Com. App.) 41 S.W.(2d) 234; Kansas City M. & O. Ry. Co. v. Worsham (Tex.Civ.App.) 149 S.W. 755; Beeman St. Clair Co. v. Caradine (Tex.Civ.App.) 34 S.W. 980; Hazlewood v. Pennybacker (Tex.Civ.App.) 50 S.W. 199; Glasscock v. Shell, 57 Tex. 215; Cosden Oil Co. v. Sides (Tex.Civ. App.) 35 S.W.(2d) 815; Quanah A. & P. Ry. Co. v. Galloway (Tex.Civ.App.) 154 S.W. 653; Texas & Pac. Ry. Co. v. Bufkin (Tex.Civ.App.) 19 S.W.(2d) 343; St. Louis S. W. Ry. Co. v. Homan (Tex.Civ. App.) 56 S.W.(2d) 286.

Appellant presents as error the action of the county court in assessing the costs incurred in it against him. Appellee recovered judgment for $110 and costs in justice court and judgment for $75 and costs in both courts in the county court. The record does not reveal "good cause stated on the record" for adjudging the costs incurred in the county court against appellant in contravention of the provisions of article 2065, Revised Civil Statutes. Under the facts, as disclosed by the record, appellant was entitled to recover costs of county court. Articles 2065 and 2066, Revised Civil Statutes; Texas & N. O. Ry. Co. v. Davis (Tex.Civ.App.) 54 S.W.(2d) 583.

The other assignments presented have been examined and are not passed upon for the reason that it appears that they may not arise on another trial of this case in the same way.

The judgment of the trial court is reversed, and remanded for another trial.