## TEXAS CENTENNIAL CENTRAL EXPOSITION v. AHLFINGER.

### No. 2027.

Court of Civil Appeals of Texas. Waco.

Oct. 13, 1938.

Rehearings Denied Nov. 10, 1938.

Bromberg, Leftwich, Carrington & Gowan, of Dallas, for appellant.

C. M. Whitehurst, of Dallas, for appellee.

ALEXANDER, Justice.

Max Ahlfinger brought this suit against the Texas Centennial Exposition to recover damages for alleged breach of contract. He alleged, in substance, that he entered into an oral contract with the defendant by which, for a consideration of $50, he

was granted the privilege of delivering distilled water on the exposition grounds during the Texas Centennial Exposition in the year 1936, and that the defendant afterwards arbitrarily and capriciously canceled his contract and permit, thereby resulting in damage to him. The defendant alleged, in substance, that the only contract between it and the plaintiff was a written contract evidenced by a written application on the part of the plaintiff and a written permit granted to him by the defendant, by which he was granted the privilege only of delivering distilled water on the exposition grounds; that said written contract, by express terms, authorized the defendant to cancel the same at its will; that the plaintiff violated said contract by delivering and selling other merchandise on the exposition grounds in violation of the defendant's rules, and that as a result, his contract and permit were canceled and the consideration paid by him therefor was returned to him. A trial before a jury resulted in judgment for plaintiff for the sum of $1,500. The defendant appealed.

The appellant contends that the verdict of the jury is insufficient to support the judgment of the court. The only issue submitted by the court to the jury was as follows:

"What damage, if any, do you find and believe from a preponderance of the evidence, was sustained by plaintiff Max Ahlfinger, by reason of his inability to deliver distilled water inside the Centennial grounds from the morning of July 4, 1936 to November 29, 1936, on account of the cancellation of his truck permit by the defendant?"

To which the jury answered "$1500.00."

 It will be noted that the plaintiff relied on an oral contract alleged to have been entered into with the defendant. The evidence tends strongly to show, if it does not conclusively do so, that the only contract between the parties was in writing and that it contained a provision authorizing the defendant to cancel same at its discretion. Certainly, the evidence does not conclusively establish an oral contract as alleged by the defendant, nor does it establish any reason why the defendant was not entitled to cancel the permit as provided for in writing therein. If plaintiff relied for recovery exclusively on an oral contract, the burden was on him not only to allege and prove the making of such contract but, in the absence of conclusive proof thereof, to secure a finding by the jury to that effect; and in the event he relied on the written contract, he had a like burden to establish rights superseding the defendant's right to cancel the contract as provided by its terms. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084. In this connection, it is appellee's contention that since no other issues were requested by the defendant, under the authority cited, all unsubmitted issues necessary to support the judgment should be deemed as found by the court in such manner as to support the judgment. We do not so understand the holding of the Supreme Court in that case. It is only such omitted issues as are in accord with and supplemental or incidental to and which support the issues of fact which were submitted and found by the jury and on which the judgment is based that are to be deemed as found by the court in such manner as to support the judgment. The finding by the jury, fixing the amount of damages suffered by the plaintiff by reason of his inability to deliver distilled water inside the Centennial grounds, in no wise imports an implied finding by the jury that plaintiff had a valid oral contract authorizing him to so deliver water within the exposition grounds nor does it imply a finding of some fact that would preclude the defendant from canceling the written permit as provided by its terms. Where the court is trying the case with a jury, it has no authority to make independent findings upon the main grounds of recovery relied on by plaintiff which have been neglected or ignored by the parties and not submitted to the jury. The issues as to whether or not the defendant had entered into an oral contract as alleged by the plaintiff or had forfeited its right to cancel the written contract as provided by its terms constituted the main grounds of recovery relied on by the plaintiff, and the burden was on him to see that such issues were submitted to the jury, and in the absence thereof he is presumed to have waived same. International G. N. R. Co. v. Casey, Tex.Com.App., 46 S.W.2d 669, par. 11; Dallas Hotel Co. v. Davison, Tex.Com.App., 23 S.W.2d 708; Federal Surety Co. v. Smith, Tex.Com. App., 41 S.W.2d 210. We sustain the appellant's contention that the verdict is insufficient to support the judgment of the court.

 In submitting the issue hereinabove quoted the court wholly failed to give the

jury any instructions as to the measure of damages or advise them as to what elements might be taken into consideration in arriving at the damages, if any, proximately sustained by plaintiff by reason of the alleged breach of contract. This was error. 13 Tex.Jur. p. 429, par. 254; 3 Tex. Jur. 824; St. Louis S. W. Ry. Co. v. Hill Bros., Tex.Civ.App., 58 S.W.2d 861, par. 1; Dees v. Thomason, Tex.Civ.App., 71 S.W.2d 591; Houston & T. C. Ry. Co. v. Buchanan, 38 Tex.Civ.App. 165, 84 S.W. 1073, 1076.

The judgment of the trial court is reversed and the cause is remanded for a new trial.