## WINN v. WARNER.
### No. 11298.

Court of Civil Appeals of Texas.
San Antonio.
May 19, 1943.

Rehearings Denied June 16, 1943.

C. M. Gaines and Arnold & Cozby, all of San Antonio, for appellant.

Mann & Mann, of Laredo, and W. H. Kennon, Johnson & Rogers, and Nat L. Hardy, all of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by the appellee, Thor Warner, against appellant Wm. H. Winn, seeking to recover actual and exemplary damages, allegedly resulting from the filing of an affidavit by appellant, Winn, for record in Zapata County, slandering the title to a certain oil and gas lease located in Zapata County, consisting of 41.66 acres of land, and known as share 4 of the Lopena Gas Field.

Appellee alleged that he was the owner of an oil and gas lease on said share 4 which would expire unless drilling operations were begun by June 30, 1940. The affidavit was filed on January 31, 1940. Appellee alleged the affidavit was false and slanderous, and prevented him from causing drilling operations to begin on said share 4 in time to prevent its loss by expiration. Appellee further alleged that said lease did not have a market value, but that its actual and intrinsic value was $140,000; but that if such leasehold estate did have a market value such market value was also $140,000.

The case was tried to a jury and upon their answers to the special issues submitted judgment was rendered in appellee's favor in the sum of $27,500 actual damages and $2,500 exemplary damages. From that judgment Wm. H. Winn has prosecuted this appeal.

Appellant's first point is that the judgment should be reversed because of the error in the court's charge in failing to instruct the jury what legal measure of

damage should be applied in arriving at the amount of damage.

Question No. 4 reads as follows:

"Question No. 4: What amount of money, if any, if paid now in cash, do you find from a preponderance of the evidence would reasonably compensate plaintiff for the actual damages, if any, sustained by him on account of the loss, if any, of his lease hold interest and contract rights in share four, as a proximate result of the filing of such affidavit by the defendant dated January 31st, 1940?

"Answer by stating amount, if any.

"We, the jury, answer $27,500.00."

Appellant objected to this question among other things as follows:

"(7) Defendant objects and excepts to question No. 4 for the following reasons:

"(a) * * * because no measure or standard is submitted to the jury for the jury's guidance, and the measure should be submitted to the jury instead of permitting the jury to indulge in wild speculation."

Appellant's specially requested issue No. 5 was as follows:

"Question (a).: Do you find from a preponderance of the evidence that there was a market for an undeveloped oil and gas lease on Share 4, in the Lopena Field, during the period from January 31, 1940, to June 15, 1940?

"Question (b): What, if anything, was the reasonable market value of an undeveloped oil and gas lease on Share 4, in the Lopena Field, during the period from January 31, 1940 to June 15, 1940?"

This issue was refused by the trial court.

We sustain appellant's first point. There was evidence in the record that the leasehold estate owned by appellee did have a market value, and that it was from $10 to $25 per acre. We doubt if there is any conflict in the evidence on this matter, but if there was a conflict then appellant's specially requested issue No. 5 should have been given.

The issue as given contains no measure of damage. The failure to give a measure of damage over proper objection is reversible error. Houston & T. C. R. Co. v. Buchanan, 38 Tex.Civ.App. 165, 84 S.W. 1073; St. Louis S. W. R. Co. v. Hill Bros., Tex.Civ.App., 58 S.W.2d 861; Gulf Pipe Line v. Watson, Tex.Civ.App., 8 S.W. 2d 957; Panhandle & S. F. R. Co. v. Par-rish, Tex.Civ.App., 281 S.W. 887; Dees v. Thomason, Tex.Civ.App., 71 S.W.2d 591.

It is not clear from question No. 4 as to whether the recovery was to be for some value of the leasehold estate or for some value of appellee's drilling contract with one or all of the three drillers, or whether such recovery was to be for some value of both the leasehold and the drilling contract or contracts.

The evidence shows that appellee secured from the fee owner of share 4 an ordinary oil and gas lease, whereby the fee owner retained a one-eighth royalty and conveyed to appellee a seven-eighths working interest in the oil, gas and minerals that might be found in or under said share 4. Appellee, Warner, entered into a drilling contract with one Staggs whereby he conveyed to Staggs his seven-eighths working interest in exchange for a seven-sixteenths overriding royalty. Staggs abandoned this contract after Winn filed for record the affidavit asserting an interest in said share 4.

It occurs to us that Warner could properly bring suit for the value of his seven-eighths working interest, or for the value of his seven-sixteenths overriding royalty, but he cannot recover for both, for when he held the one he did not hold the other. It would seem, from the issue submitted, a recovery was permitted for some value of both the working interest or leasehold estate and the overriding royalty. The pleadings show that the suit was for the value of the leasehold estate and not for the value of the overriding royalty.

In view of the fact that there must be another trial of this case we will only discuss other questions presented briefly.

Appellant contends that he and appellee had entered into a joint adventure and that such joint adventure applied to all leases owned by appellee in the Lopena Gas Field, whether described in the written contract between them or not. We overrule this contention. The contract was in writing and complete in every respect and it would be varying its written terms by parol testimony to show that the joint adventure applied to other leases than those fully described in the contract.

Appellant's special requested charge No. 9 was as follows: "Do you find from a preponderance of the evidence that the statement of the facts contained in the

528

affidavit executed by Mr. Winn, dated January 31st, 1940, and recorded in the Zapata County records, were true?"

The evidence conclusively shows that Winn did not own any interest in said share 4 and therefore that the affidavit was not true, and the court properly refused to submit this issue.

Appellant also complains because of allegedly improper argument by appellee's counsel to the jury. The argument complained of was to the effect that Winn had no more regard for a written contract than Hitler.

Perhaps the most universally hated character in the world today is Adolf Shickelgruber, alias Hitler. To compare a litigant to this cruel, inhuman savage madman, whose agreements and treaties are of no consequence to him, even though by the slightest remark, is calculated to arouse the deepest prejudice on the part of the jury and should not be done by counsel. We feel certain this will not occur upon another trial.

For the error pointed out above, the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.

On Motion for Rehearing.

In our original opinion we stated, in effect, that Warner conveyed his entire seven-eighths working interest in share 4 of the Lopena Gas Field to Staggs. We overlooked the fact that Warren excepted out of this conveyance or contract the north two acres. The conveyance to Staggs was only as to 39.66 acres out of share 4.

We have examined carefully the motions for rehearing of appellant and appellee and they are both overruled.